PEOPLE, PLAINTIFF AND APPELLEE, *v.* RODRÍGUEZ, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Prosecution
for Violation of Section 553 of the Penal Code.

No. 1101.—Decided February 1, 1917.

HOLIDAY CLOSING—COMPLAINT.—A complaint charging that the defendant, know-
ing that Good Friday is a legal holiday, maliciously, illegally and wilfully
had his grocery store open to the public at 4 p. m., is sufficient to charge a
violation of section 553 of the Penal Code as amended in 1914.

ID.—NONSUIT—EVIDENCE.—The mere fact that the only witness who testified
against the defendant was the policeman who made the complaint is not
sufficient ground for sustaining a motion for nonsuit, for there is no rule of
law requiring more than one witness in a case of this kind.

ID.—HARMLESS ERROR.—The trial judge having found on the testimony of the
policeman who made the charge that the store was open and that the de-
fendant was selling goods to customers, the error which may have been com-
mitted in the construction of the words "closed to the public" of section 553
is not prejudicial.

The facts are stated in the opinion.

*Mr. José D. Rodríguez* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Section 553 of the Penal Code, as amended in 1914, in so
far as pertinent to any question involved herein, provides:

"That all day Sunday; from 12 m. on legal holidays; from 10
p. m. every Saturday; from 7 p. m. every working day; and from
10 p. m. on December 24th and 31st and January 5th of each year,
commercial and industrial establishments shall remain closed to the
public and suspend all work for employees one hour after closing
\*   \*   \* "

Appellant was convicted of a violation of this section
under a police complaint charging the facts as follows:

"That on April 21, 1916, at 4 p. m., and in the ward of Las Torres,
of the Municipal Judicial District of Lares, within the Judicial Dis-
trict of Aguadilla, P. R., defendant Manuel Rodríguez, maliciously,
wilfully and illegally, and knowing that Good Friday is a legal holi-

day, had his grocery store opened to the public at 4 p. m., instead of having the same closed, as required by the law.''

The overruling of a demurrer based on the ground that the complaint does not clearly set forth that defendant was actually doing business at the time alleged, is assigned as error; but, while an information drawn by a *fiscal* might be scrutinized more closely, we think, in the case at bar, the facts stated constitute sufficient notice of the offense charged.

It is also urged that the court erred in overruling a motion for nonsuit inasmuch as the only witness who testified against the defendant was the policeman who made the complaint; but, beyond subdivision 5 of section 102 of the Law of Evidence, appellant cites no authority in support of this contention, and we are aware of no rule of law that requires more than one witness in cases of this kind.

Appellant likewise insists that the court erred in accepting as true the testimony of the policeman in the face of the positive denial made on the stand by defendant, who was the only witness in his own behalf; but we find no such manifest error in this regard as to require a reversal of the judgment.

It may be that technically the court erred, as alleged by appellant, in its construction of the words ''closed to the public''; but the policeman testifies that the establishment was open and that the defendant was selling goods to customers, and the trial judge expressly found this to be the fact. The error, therefore, if any, was quite harmless.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.